UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH TYSHAWN DARREN FAVORITE,

    Defendant.

_____/

Case No. 1:21-cr-152

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 56). For the following reasons, the Court grants the motion.[1]

### I. BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and this Court sentenced him on April 21, 2022 to a 120-month term of imprisonment, followed by a three-year term of supervised release (Judgment, ECF No. 45).

After Defendant's sentencing, the United States Sentencing Commission issued Sentencing Guidelines Amendment 821, which has an effective date of February 1, 2024, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "Status Points" in

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

Sentencing Guidelines § 4A.  *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 31, 2024).  Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  *Id.*

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence.  Pursuant to this Court's Order, the Probation Office prepared a Sentence Modification Report, which was filed under restricted access (ECF No. 61).  Defendant filed a Response to the Sentence Modification Report ("SMR") (ECF No. 62), and the government filed a response to Defendant's motion (ECF No. 63).

## II.     ANALYSIS

### A.     Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c) establishes a "two-step inquiry."  *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).  First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).  Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]"  *Jones,*

*supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Discussion

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points." *See* U.S.S.G. § 4A1.1(e). Under the Guidelines in effect when the Court sentenced Defendant, § 4A1.1(d) added two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, or supervised release. Amendment 821 moved the relevant provision to § 4A1.1(e) and reduced the criminal history point from 2 to 1 or 0, depending on how many criminal history points the defendant scored under subsections (a) through (d). A defendant with less than seven criminal history points receives no additional status points under § 4A1.1.

Defendant argues that his sentence should be reduced pursuant to Amendment 821's changes related to status points (ECF No. 56 at PageID.219). The government agrees that Defendant is eligible for a sentence reduction, and the parties do not disagree that with the application of Amendment 821, the Amended Guideline range is 87–108 months' imprisonment

(ECF No. 62 at PageID.237; ECF No. 63 at PageID.259). *See* U.S.S.G. § 4A1.1(e). The SMR recommends a reduced sentence of 108 months' imprisonment followed by three years' supervised release "consistent with the original sentence imposed (high end of the applicable guideline range)" (ECF No. 61 at PageID.235). Defendant requests "that the Court grant a reduction and impose a sentence less than the recommended 108 months which is the very top of the guideline range" because "[i]n the two years since [his] sentencing, he has worked hard to improve himself, seek appropriate programming, and rehabilitate himself" (ECF No. 62 at PageID.237–38).

At the time of sentencing, Defendant received five criminal history points based on his prior offenses and received two status points because he committed the instant offense while under parole, for a total criminal history score of seven (ECF No. 61 at PageID.233). Applying Amendment 821, Defendant should receive the five criminal history points for his prior offenses; however, because his total criminal history points are only five, he should receive no additional status points. A total of five criminal history points results in a criminal history category of III. *See* U.S. Sent'g Guidelines, Sent'g Table. Defendant's total offense level of 27 and a criminal history category of III results in an amended guideline range of 87 to 108 months' imprisonment. Thus, Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court determines that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(1) (where the "guideline range applicable" to the defendant "has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment").

Last, the Court finds that a reduction of Defendant's sentence is warranted under the factors set forth in § 3553(a).  The Court has considered the nature and circumstances of Defendant's offense and his history and characteristics.  The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect to protect the public from further crimes of Defendant, and to provide Defendant with needed education and training, medical care, or other correctional treatment.  Further, the Court has considered the kinds of sentences available, the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  The Court has also considered the danger to the public as the result of any reduction in Defendant's sentence, the seriousness of Defendant's offense, and the need to protect the public.

The parties have informed the Court that while in custody, Defendant has maintained employment within the prison, received no disciplinary reports, and is taking health and fitness classes (ECF No. 62 at PageID.238).  According to a recent Bureau of Prisons Progress Report, Defendant "has maintained clear conduct" while in custody (BOP Progress Report, ECF No. 62-1 at PageID.243).

Accordingly, after considering § 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in Defendant's sentence is appropriate pursuant to Amendment 821.  Defendant was previously sentenced to 120 months, at the top of the guideline range, and thus, an appropriate reduced sentence would be 108 months, at the top of the amended guideline range.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence (ECF No. 56) is GRANTED and his sentence is REDUCED to 108 months'

imprisonment followed by three years' supervised release.  All other terms and conditions of this Court's April 21, 2022 Judgment remain the same.

Dated:  March 19, 2024                               /s/ Jane M. Beckering
                                                                                              JANE M. BECKERING
                                                                                              United States District Judge